**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

| | |
|---|---|
| Nathan Daniel Clark, | Case No. 20-cv-0248 (WMW/HB) |
| Petitioner, | |
| v. | **REPORT AND RECOMMENDATION** |
| Paul Schnell, Minnesota Dep't of Corrections Commissioner, | |
| Respondent. | |

Petitioner Nathan Daniel Clark pleaded guilty in state court to second-degree murder in 2000. Since that time, Clark has repeatedly attempted to challenge collaterally his conviction and sentence, including twice through federal petitions for a writ of habeas corpus under 28 U.S.C. § 2254. *See Clark v. State of Minnesota*, No. 06-CV-4050 (JNE/SRN) (D. Minn. dismissed Nov. 6, 2006); *Clark v. Roy*, No. 12-CV-0421 (JNE/LIB), 2012 WL 928217 (D. Minn. Feb. 23, 2012). The first of those petitions was denied as untimely, *see* 28 U.S.C. § 2244(d); the second of those petitions was dismissed as second-or-successive and filed without the necessary authorization from the United States Court of Appeals for the Eighth Circuit, *see* 28 U.S.C. § 2244(b).

Clark has not received (or even sought) authorization from the Eighth Circuit to file the habeas petition now before the Court. This failure to procure authorization—a jurisdictional requirement—ends the matter. To be sure, "'[s]econd or successive' is a term of art and not every habeas petition that is second in time requires preauthorization."

1

*Williams v. Hobbs*, 658 F.3d 842, 853 (8th Cir. 2011).  But Clark's petition is, in fact, second or successive within the meaning of § 2244(b), just as his prior habeas petition was.[1]  The pending habeas petition attacks the same conviction and sentence that Clark challenged previously, and it does so on the basis of claims that accrued at the time of the criminal proceedings and that could reasonably have been raised in earlier federal habeas proceedings, even if those claims did not occur to Clark at the time.  *See, e.g.*, *Crouch v. Norris*, 251 F.3d 720, 723-24 (8th Cir. 2001) (collecting cases).  This matter falls squarely within the bar on unauthorized successive petitions set forth in § 2244(b).  The Court lacks jurisdiction over the petition, which should be dismissed without prejudice on that basis.

Only two matters merit further comment.  First, this Court recommends that Clark's motion for appointment of counsel [Doc. No. 3] be denied, as counsel is overwhelmingly unlikely to be of any assistance to Clark in this matter; without the required authorization from the Eighth Circuit, Clark simply cannot proceed before this Court.  Second, this Court recommends that Clark not be issued a certificate of appealability, *see* 28 U.S.C. § 2253(c), as this Court cannot discern anything novel, noteworthy, or worrisome about this case that warrants appellate review.

---

[1]  Clark was warned in that earlier proceeding "that the District Court would have to apply at the outset the same jurisdictional analysis to any future habeas corpus petition which again pertains to his 2000 state court murder conviction and sentence . . . unless the petition is accompanied by a pre-authorization order from the Eighth Circuit Court of Appeals, as required by § 2244(b)."  *Clark*, 2012 WL 928217, at *3.

Based on the foregoing, and on all of the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED THAT**:

1. This matter be **DISMISSED WITHOUT PREJUDICE** for lack of jurisdiction.

2. The motion for appointment of counsel for petitioner Nathan Daniel Clark [Doc. No. 3] be **DENIED**.

3. No certificate of appealability be issued.

Dated: February 27, 2020            s/ *Hildy Bowbeer*
                                    Hildy Bowbeer
                                    United States Magistrate Judge

## NOTICE

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals. Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. *See* Local Rule 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in Local Rule 72.2(c).