UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

| | |
|---|---|
| Nathan Daniel Clark, | Case No. 20-cv-0248 (WMW/HB) |
| Petitioner, | |
| v. | **ORDER ADOPTING REPORT AND RECOMMENDATION** |
| Paul Schnell, Minnesota Dept of Corrections Commissioner, and Shannon Reimann, Warden, | |
| Respondents. | |

---

This matter is before the Court on the February 27, 2020 Report and Recommendation (R&R) of United States Magistrate Judge Hildy Bowbeer. (Dkt. 11.) The R&R recommends dismissing the matter without prejudice for lack of jurisdiction, denying Petitioner Nathan Daniel Clark's motion for appointment of counsel, and declining to issue a certificate of appealability. Clark filed timely objections to the R&R, to which Respondents Paul Schnell and Shannon Reimann did not respond. For the reasons addressed below, the Court overrules Clark's objections and adopts the R&R.

## BACKGROUND

In 2000, Clark pleaded guilty in Minnesota state court to second-degree murder. Since that time, Clark has on multiple occasions challenged his conviction and sentence.

This includes two federal petitions for a writ of habeas corpus.[1] Clark's first petition was denied as untimely, and Clark's second petition was dismissed for lack of authorization from the United States Court of Appeals for the Eighth Circuit. *See* 28 U.S.C. § 2244(b)(3) (providing that an applicant must move for authorization "in the appropriate court of appeals" before filing a second or successive habeas application). On January 15, 2020, Clark filed the present petition for a writ of habeas corpus, once again challenging his conviction of second-degree murder. In the February 27, 2020 R&R, the magistrate judge recommends dismissing the matter without prejudice for lack of jurisdiction, denying Clark's motion for appointment of counsel, and declining to issue a certificate of appealability. Clark filed timely objections to the R&R to which neither Schnell nor Reimann responded.

## ANALYSIS

A district court reviews *de novo* any portion of an R&R to which timely objections are filed. 28 U.S.C § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(3); LR 72(b)(3); *United States v. Lothridge*, 324 F.3d 599, 600 (8th Cir. 2003). A district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). In conducting its review, the Court construes Clark's objections liberally because he is proceeding *pro se*. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

---

[1] *See Clark v. Roy*, No. 12-421 (JNE/LIB), 2012 WL 928217 (D. Minn. Feb. 23, 2012), *report and recommendation adopted*, 2012 WL 928720 (D. Minn. Mar. 19, 2012); *Clark v. Minnesota*, No. 06-4050 (JNE/SRN) (D. Minn.) (dismissed November 22, 2006).

Clark first objects to the recommendation to dismiss this matter for lack of jurisdiction. An applicant must move for authorization "in the appropriate court of appeals" before filing a "second or successive" habeas application. 28 U.S.C. § 2244(b)(3). When a habeas petition attacks a previously challenged conviction or sentence based on claims that accrued during the criminal proceedings and that challenge reasonably could have been raised in an earlier habeas proceeding, the petition is a second or successive petition within the meaning of Section 2244(b). *See, e.g.*, *Crouch v. Norris*, 251 F.3d 720, 723–24 (8th Cir. 2001). Clark argues that his petition is not a "second or successive" habeas petition because he could not have discovered earlier that his trial counsel waived his omnibus hearing in violation of his due process rights and Minnesota Rule of Criminal Procedure 8.02. But Clark has not demonstrated that the factual basis for these claims—namely, that an omnibus hearing did not occur in his state-court proceedings—was not reasonably available to him at the time of his previous habeas petitions. *See id.* at 724. Indeed, Clark participated in his state-court proceedings, and the evidence on which he now relies is the publicly available "Register of Actions" from those proceedings.

Clark also objects to the recommendation that no certificate of appealability issue. A certificate of appealability may issue only if the habeas petitioner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This legal standard requires a petitioner to show that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Clark's petition challenges Clark's second-degree murder conviction and sentence, which are the same conviction and sentence challenged in his prior petitions for

habeas relief.[2]  As such, Clark's petition is a "second or successive" petition for which he must first seek authorization from the Eighth Circuit.  28 U.S.C. § 2244(b)(3); *Crouch*, 251 F.3d at 723–24.  Accordingly, Clark fails to make a substantial showing of a denial of a constitutional right.  *Slack*, 529 U.S. at 483.

Clark also objects to the recommendation to deny Clark's motion for appointment of counsel.  Clark argues that he will be "at a huge disadvantage if he continues in the court proceedings in filing [sic] and the complex issues of DNA."  But this objection is unavailing because Clark does not state a factual or legal basis for his objection that warrants the appointment of counsel.

Clark does not raise specific objections to any other aspect of the R&R.  The Court, therefore, reviews the remainder of the R&R for clear error.  *See Grinder v. Gammon*, 73 F.3d 793, 795 (8th Cir. 1996) (per curiam); *see also* Fed. R. Civ. P. 72(b) advisory committee's note ("When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.").  Having carefully performed this review, the Court finds no clear error and adopts the R&R.

## ORDER

Based on the foregoing analysis and all the files, records and proceedings herein, **IT IS HEREBY ORDERED**:

1.  Petitioner Nathan Daniel Clark's objections, (Dkt. 12), to the February 27, 2020 R&R, (Dkt. 11), are **OVERRULED**.

---

[2]  *See Clark*, 2012 WL 928217 at *1.

2. The February 27, 2020 R&R, (Dkt. 11), is **ADOPTED**.

3. This matter is **DISMISSED WITHOUT PREJUDICE** for lack of jurisdiction.

4. Petitioner Nathan Daniel Clark's motion for appointment of counsel, (Dkt. 3), is **DENIED**.

5. No certificate of appealability shall issue.

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated: May 18, 2020                                         s/Wilhelmina M. Wright
                                                            Wilhelmina M. Wright
                                                            United States District Judge