# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| Nathan Daniel Clark, | Case No. 20-cv-0248 (WMW/HB) |
| Petitioner, | |
| v. | **ORDER** |
| Paul Schnell, Minnesota Dept of Corrections Commissioner; and Shannon Reimann, Warden, | |
| Respondents. | |

This matter is before the Court on Petitioner Nathan Daniel Clark's application to proceed *in forma pauperis* (IFP) on appeal, (Dkt. 14), and Clark's motion seeking a certificate of appealability, (Dkt. 18). For the reasons addressed below, the Court denies both motions.

First, Clark seeks a certificate of appealability to further prosecute this action before the United States Court of Appeals for the Eighth Circuit. In her February 27, 2020 Report and Recommendation (R&R), United States Magistrate Judge Hildy Bowbeer recommended that the Court dismiss Clark's petition for a writ of habeas corpus without prejudice for lack of jurisdiction because the petition was "second or successive" and Clark did not receive prefiling authorization from the Eighth Circuit. *See* 28 U.S.C. § 2244(b)(3)(A) ("Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application."). In March 2020, Clark

filed objections to the R&R. Included with these objections, Clark explained that he "filed a Motion For Authorization to Proceed with his Habeas claim" with the Eighth Circuit. A review of the Eighth Circuit docket shows that Clark indeed filed such a motion with the Eighth Circuit in March 2020, but the Eighth Circuit denied Clark's motion. *See Clark v. Schnell*, No. 20-1617 (8th Cir. June 26, 2020). This Court adopted the February 27, 2020 R&R on May 18, 2020, and ordered that no certificate of appealability shall issue. Clark invites this Court to reconsider the prior determinations of this Court and the Eighth Circuit. This Court declines to reconsider its prior order, and lacks authority to reconsider the Eighth Circuit's decision. Accordingly, Clark's motion for a certificate of appealability is denied.

Second, Clark requests *in forma pauperis* (IFP) status on appeal in this matter. Prior to this Court's adoption of the R&R, Clark filed his IFP application.[1] If the Court finds that an appeal is not taken "in good faith," IFP status must be denied. 28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24(a)(3). An appeal is frivolous, and thus cannot be taken in good faith, when "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Given the Eighth Circuit's denial of Clark's motion for authorization to file a successive habeas application, and this Court's decision not to issue a certificate of appealability, Clark's appeal lacks an arguable basis in law. Accordingly, the Court denies Clark's IFP application.

---

[1]   Because Clark had not yet filed a notice of appeal when he filed the IFP application, that motion was premature. *See, e.g.*, *Mangine v. True*, No. 18-cv-1030-DRH, 2018 WL 6304229, at *2 (S.D. Ill. Dec. 3, 2018) (finding that request to proceed IFP on appeal was premature when notice of appeal was not yet filed).

## ORDER

Based on the foregoing analysis and all of the files, records, and proceedings herein,

**IT IS HEREBY ORDERED**:

1. Petitioner Nathan Daniel Clark's application to proceed *in forma pauperis*, (Dkt. 14), is **DENIED**.

2. Petitioner Nathan Daniel Clark's motion for a certificate of appealability, (Dkt. 18), is **DENIED**.

Dated: July 9, 2020                     s/Wilhelmina M. Wright
                                        Wilhelmina M. Wright
                                        United States District Judge